*312 OPIXION.
Tkammell :
The benefits rendered by the association were the physical examination of all of the petitioner’s employees and their families, the payment of $100 for burial expenses of deceased employees,. and the furnishing of nurses to employees in the case of illness. Of these the physical examinations and burial payments were benefits not previously offered to its employees by the petitioner. The nursing service previously furnished by the petitioner to its employees was, under the contract, taken over and rendered by the association.
The expenditures made in connection with furnishing nurses and hospital facilities to sick employees and other benefits derived from the association produce a direct benefit to the petitioner. The method by which such services are furnished — directly by the employer itself or through another as in this case — does not change the result. In this case there was a material saving in expenses, since the petitioner’s hospital budget of about $12,000 was almost eliminated, in addition to the other direct benefits.
It is our opinion that an expenditure made under the conditions presented by this case is one which can be considered as ordinary and necessary expense of the business of this petitioner. Appeal of Poinsett Mills, 1 B. T. A. 6.

Judgment will be entered on 15 days’ notice, under Rule 50.